**Jim GOLDEN and American Lenders Service Co., Plaintiffs,**

v.

**NATIONAL FINANCE ADJUSTERS, Defendant.**

**No. 81–74201.**

United States District Court,
E.D. Michigan, S.D.

Oct. 8, 1982.

Bogdan Rentea, Odessa, Tex., and Jaye M. Bergamini, Lansing, Mich., for plaintiffs.

Ralph Schwartz, Berkley, Mich., E. Thomas W. Stahl, Baltimore, Md., and Richard E. Neuman, San Francisco, Cal., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This matter is before the Court on defendant's motion to set aside the clerk's entry of default and motion to dismiss and plaintiff's motion to enter default judgment. A review of the procedural history of this matter is necessary to understand its posture on these motions.

On January 5, 1981, the Justice Department filed a complaint against National Finance Adjusters (NFA) in *United States v. National Finance Adjusters,* Civ. No. 81–70005. NFA is a trade association whose membership is engaged in the business of providing repossession services in various cities in the United States. The Justice Department asserted that NFA had violated the Sherman Act by eliminating price and other forms of competition in repossession services. On August 20, 1981, a consent judgment was filed in the case.

On November 5, 1981, counsel for Jim Golden and American Lenders Service Co. (ALSCO) appeared before this Court with a petition for a temporary restraining order. Golden, a member of NFA, claimed that NFA had restricted the manner in which he could advertise his service area in the 1982 NFA Directory in violation of the consent decree. Golden is both president of and a franchisee of ALSCO. ALSCO is not a member of NFA. The Court granted Golden's petition for a TRO. On November 12, 1981, the Court granted plaintiff's motion to extend the TRO. The petition for a TRO, the order granting the TRO, and the motion and order to extend the TRO were all filed in *United States v. National Finance Adjusters,* Civ. No. 81–70005.

On November 10, 1981, plaintiffs sent by Federal Express a copy of the complaint and a motion for a preliminary injunction to defendant's attorney and the Department of Justice. On November 12, 1981, plaintiffs attempted to file the complaint and motion for preliminary injunction in the case of *United States v. National Finance Adjusters,* Civ. No. 81–70005. Since the pleading was entitled "complaint" and the case of *United States v. National Finance Adjusters* had been closed by the filing of a final judgment, the complaint was given a new number, Civ. No. 81–74201, and assigned by blind draw to Judge Boyle. Judge Boyle transferred the case to this Court as a companion case under Local Rule 8(c)(1). On November 17, 1981, plaintiff served a summons for *United States v. National Finance Adjusters, Inc.,* No. 81–74201, on defendant NFA.

On November 18, 1981, plaintiffs amended their complaint pursuant to Fed.R.Civ.

Pro. 15(a) to change the caption to read: *Jim Golden and American Lenders Service Co. v. National Finance Adjusters, Inc.* On that same date, NFA filed an answer to the motion for preliminary injunction and the Department of Justice filed a brief in opposition to plaintiffs' motion. Both NFA and the Department of Justice filed their responses in *United States v. National Finance Adjusters,* Civ. No. 81–70005.

On November 20, 1981, counsel for plaintiffs, defendant, and the Department of Justice appeared for a hearing on plaintiffs' motion for a preliminary injunction. The Court denied the motion at the hearing and issued a memorandum opinion which was filed on November 25, 1981.

On December 16, 1981, the clerk entered a default against NFA at plaintiffs' request. NFA filed a motion to set aside the clerk's entry of default on July 23, 1982 and plaintiffs filed a motion for entry of default judgment on August 3, 1982. NFA filed a motion to dismiss on August 11, 1982. This matter is before the Court on these three motions.

1. *Defendant's motion to set aside the clerk's entry of default and plaintiffs' motion for default judgment*

Plaintiffs move for default judgment under Rule 55(b)(2) on the grounds that the clerk has entered a default against NFA, NFA has not filed an answer to the complaint, and NFA has no meritorious defense against their claims. NFA moves to set aside the clerk's entry of default under Rule 55(c) on the grounds that there were substantial irregularities in the proceedings upon which the default is based, there exists a reasonable excuse for failure to comply with the requirements which led to a default, manifest injustice would result from permitting the default to stand, and it has a meritorious defense to the action.

■ Since a default judgment has not yet been entered by the Court, defendant's motion is properly considered under Rule 55(c), which provides in pertinent part:

For good cause shown the court may set aside an entry of default . . .

The Court has substantial discretion in determining whether to set aside an entry of default. *See FTC v. Packers Brand Meat, Inc.,* 562 F.2d 9 (8th Cir.1977); *Gomes v. Williams,* 420 F.2d 1364 (10th Cir.1970); *Moldwood Corp. v. Stutts,* 410 F.2d 351 (5th Cir.1969). The exercise of discretion entails consideration of three factors: (1) whether the default was willful, (2) whether a set-aside would prejudice plaintiffs, and (3) whether defendant has raised a meritorious defense. *Jackson v. Beech,* 636 F.2d 831 (D.C.Cir.1980); *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372 (D.C. Cir.1980).

■ First, the Court finds that defendant's default was not willful. The clerk's entry of default in *Golden v. National Finance Adjusters, Inc.,* Civ. No. 81–74201, was based on Rule 55(a), which provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

Defendant filed an answer to the motion for a preliminary injunction one day after receiving the summons in this case. This pleading, however, was missing from the file for Civ. No. 81–74201 when the clerk entered the default because defendant filed it in Civ. No. 81–70005. Defendant asserts that the complaint and motion it received listed the case number as Civ. No. 81–70005. Since plaintiffs mailed the motion and complaint to defendant two days before they received a new case number at the time they attempted to file the complaint and motion, it appears likely that the copies which defendant received did bear the incorrect case number. Plaintiffs do not dispute this assertion. Since plaintiffs were responsible for generating the confusion regarding the case numbers, it is clear that defendants did not intentionally file their answer to the motion for preliminary injunction in the improper case.

Although defendant filed its answer to the motion for a preliminary injunction promptly, it has not filed an answer to the complaint. Defendant asserts, however, that its answer to the motion for prelimi-

nary injunction was equivalent to a motion to dismiss because the pleading requested dismissal of the case. Defendant also asserts that it made a motion to dismiss at the hearing on the motion for a preliminary injunction. It contends that both of these motions were made within twenty days of the service of the summons and constituted a defense of the action precluding the entry of a clerk's default under Rule 55(a). Defendant claims that it did not file an answer to the complaint because Rule 12(a) allows it ten days after the Court denies the motion to dismiss in which to file its answer to the complaint. Defendant contends that the Court never ruled on its motions to dismiss.

Without ruling on the issue of whether defendant properly made a motion to dismiss, the Court finds that defendant's answer to the motion for a preliminary injunction clearly indicates that defendant sought to defend against this action. Even if defendant did not properly make a motion to dismiss which enlarged the time to file a complaint under Rule 12(a), its opposition to the motion for a preliminary injunction shows that it did not willfully default in this case.

Second, the Court finds that setting aside the default would not prejudice plaintiffs. Plaintiffs have not claimed or shown that they would be prejudiced by the set-aside. The Court notes that although the clerk entered the default on December 16, 1981, plaintiffs did not move for entry of default judgment until August 3, 1982.

The third factor the Court must consider is whether defendant has raised a meritorious defense to this action. Defendant asserts that the Court lacks subject matter jurisdiction because there is no "case or controversy" under article 3, section 2 of the U.S. Constitution.[1] Plaintiffs argue that the defense of a lack of a case or controversy is insufficient to set aside a default because it is not a defense to the merits of the action. They contend that the defense amounts to an allegation of lack of standing which was waived because it was not raised with reasonable promptness.

The Court finds that defendant's assertion that this Court lacks subject matter jurisdiction is sufficient to set aside the entry of default. A default judgment entered by a court without subject matter jurisdiction is void. The void judgment is subject to direct attack under Rule 60(b) or collateral attack in subsequent proceedings in other courts. *Moore's Federal Practice* ¶ 60.25[1]–[3] (2d ed. 1980). Professor Moore has stated:

> In a case where a default judgment is subject to collateral attack, or would be if rendered, due to lack of sufficient jurisdiction . . . a party should be able to [set aside an entry of default] without showing a meritorious defense, since a collateral attack is not subject to such a showing.

*Moore's Federal Practice* ¶ 55.10[1] at 55–233 n. 13. In this case, plaintiffs seek a declaratory judgment under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202. To obtain relief under this act, plaintiffs' allegations must show a "case or controversy" which falls within the constitutional limitations on this Court's jurisdiction. Wright & Miller, *Federal Practice & Procedure: Civil* § 1238 (1969); *Moore's Federal Practice* ¶ 57.11. Defendant's challenge to this Court's jurisdiction on the grounds of the lack of case or controversy is sufficient to set aside the clerk's entry of default in order to address this issue. The Court notes that the lack of subject matter jurisdiction may be raised at any stage of the proceedings under Rule 12(h)(3).

Since the Court finds that defendant's default was not willful, that a set-aside would not prejudice plaintiffs, and that defendant has raised a challenge to this Court's jurisdiction, the Court concludes in the exercise of its discretion that defendant has shown good cause to set aside the entry of default under Rule 55(c). The Court will

---

1. Defendant also asserts that the Court lacks subject matter jurisdiction because the case does not arise under any federal law. Plaintiffs admit that the complaint improperly alleges jurisdiction based on 28 U.S.C. § 1337, but argue that jurisdiction is properly based on diversity of citizenship. The Court does not address the issue of whether the complaint properly alleges diversity of citizenship.

grant defendant's motion to set aside the entry of default and deny plaintiff's motion for entry of default judgment. The Court will also deny plaintiffs' request for award of attorneys fees, costs, and expenses in defending the propriety of the entry of the default.

2. *Defendant's motion to dismiss*

■ Defendant moves to dismiss this case on the grounds that this Court lacks jurisdiction because there is no case or controversy. In their complaint, plaintiffs allege that NFA refused to permit Golden to advertise his service area in the NFA 1982 Directory in violation of the consent decree entered into between the Justice Department and NFA in *United States v. National Finance Adjusters,* Civ. No. 81–70005. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 declaring their rights under this consent decree. It is clear, and plaintiffs concede, that a nonparty to a consent decree entered in a government antitrust suit may not either directly or collaterally enforce the decree against the defendant. *United States v. Western Electric Co.,* 1968 Trade Case ¶ 72, 415 (D.N.J.) *aff'd per curiam sub nom. Clark Walter & Sons Inc. v. United States,* 392 U.S. 659 (1968); *Dahl, Inc. v. Roy Cooper Co., Inc.,* 448 F.2d 17, 20 (9th Cir.1971); *United States v. American Society of Composers, Authors, and Publishers,* 341 F.2d 1003, 1008 (2d Cir.) *cert. denied,* 382 U.S. 877, 86 S.Ct. 160, 15 L.Ed.2d 119 (1965); *Cinema Service Corp. v. Twentieth Century Fox Film Corp.,* 477 F.Supp. 174, 177 (W.D.Pa. 1979); *Control Data Corp. v. International Business Machines Corp.,* 306 F.Supp. 839, 845 (D.Minn.1969) *aff'd sub nom. Data Processing Financial & General Corp. v. International Business Machines Corp.,* 430 F.2d

1277 (8th Cir.1970) (per curiam). Plaintiffs contend, however, that they are not seeking to enforce the consent decree, but are merely seeking a declaratory judgment interpreting their rights under the consent decree.

■ An action for a declaratory judgment must present a "case or controversy" within the meaning of the Constitution. *Alabama Federation of Labor v. McAdory,* 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).[2] In *Maryland Casualty Co. v. Pacific Coal & Iron Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), the Supreme Court stated:

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Id.* at 273, 61 S.Ct. at 512. *See also Aetna Life Insurance Co. v. Haworth, supra* at 240–41, 57 S.Ct. at 463.

■ The Court concludes that plaintiffs' complaint fails to show a justiciable controversy within the constitutional limitations on this Court's jurisdiction. Under the circumstances of the facts alleged, there is no substantial controversy touching the legal relations of parties having adverse legal interests. Since plaintiffs cannot enforce

---

**2.** Professor Wright & Miller have explained the basis for this requirement:

> Because federal courts are prohibited from considering moot or academic questions, it is incumbent upon plaintiff to allege a "justiciable controversy" in order to state a claim for declaratory relief. To do so, the complaint must disclose some legal right, relation, status, or interest claimed by plaintiff over which a dispute with defendant has arisen. Because the Constitution limits the jurisdiction of the federal courts to "cases or contro-

versies," the requirement that a justiciable controversy be pleaded is so important that the court may raise an objection to the complaint on its own motion if it is not raised by the parties. In addition, the complaint must stand or fall on its own merits and cannot be used as a vehicle for searching out and discovering a right of action.

Wright & Miller, *Federal Practice & Procedure* § 1238 (1969). *See also Moore's Federal Practice* ¶ 57.11, 57.12.

the consent decree against defendant, plaintiffs do not have any legal rights under the consent decree which are adverse to the defendant's rights under it. The issue of what the consent decree means presents a purely abstract question in the absence of any right of plaintiffs to enforce the consent decree. Plaintiffs have failed to show how an interpretation of a consent decree between the government and defendant, which plaintiffs cannot enforce against defendant, presents a justiciable controversy to this Court. Since the jurisdiction of this Court is limited by the Constitution to "cases or controversies," the Court will grant defendant's motion to dismiss.

Therefore, the Court will grant defendant's motion to set aside the entry of default and motion to dismiss. The Court will deny plaintiffs' motion for default judgment. An appropriate order shall be submitted.