**QUAKER VALLEY SCHOOL DISTRICT, Plaintiff,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, now trading as Employers Insurance of Wausau, Defendant and Third-Party Plaintiff,**

v.

**Sandra M. CLEMENT and Timothy J. Clement, Third-Party Defendants.**

Civ. A. No. 81–499.

United States District Court,
W.D. Pennsylvania.

Jan. 4, 1983.

**424**

Timothy J. Clement, Sandra M. Clement, third-party defendants, pro se.

Jack W. Plowman, Pittsburgh, Pa., for defendant and third-party plaintiff.

## MEMORANDUM OPINION

MANSMANN, District Judge.

The Third-Party Plaintiff (hereinafter "Employers") has filed a Motion for Entry of Judgment against the Third-Party Defendants (hereinafter "Clements"). The Court has carefully considered Employers' Motion and Brief in support thereof as well as the Clements' Brief in Answer to Employers' Motion. Given the law in this area and the circumstances of this particular case, we feel compelled to deny Employers' Motion and to set aside the entry of default.

Our decision is governed by Fed.R.Civ.P. 55(c), which provides that, "(f)or good cause shown the court may set aside an entry of default...".

Defaults are not favored and any doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits. *See Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir., 1982).

Less substantial grounds may be sufficient to set aside a default than are required to open a default judgment. *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir., 1982). "Thus, '(a)ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.'" *Id.* quoting 10 C. Wright & A. Miller, Federal Practice and Procedure § 2696 at 334 (1973).

Three factors relevant to the Court's exercise of discretion under Rule 55(c) are: (1) whether the Plaintiff will be prejudiced if the entry of default is set aside, (2) whether the Defendant has asserted a meritorious defense to the claim, and (3) whether culpable conduct on the part of the Defendant led to the default.

In this case, we do not believe that Employers will be prejudiced if the entry of default is set aside. In this regard, the financial costs inherent in setting aside a default and the concomitant delay in realizing satisfaction on a claim rarely establish the requisite degree of prejudice. *Feliciano, supra* at 656. Employers does not contend that important evidence will be lost by the delay or that the possibility of fraud or collusion will thereby increase. *Id.*

With regard to the second factor, it is not clear that the Clements have a meritorious defense to Employers' claim. Doubts, however, must be resolved in favor of the Clements, particularly in light of their *pro se* status.

With respect to the third factor, we are of the opinion that culpable conduct is not involved here. Thus, we believe that the Clements have not acted willfully or in material bad faith. *See Feliciano, supra* at

657. *See also Farnese, supra,* at 764. We note in this regard that mistake or inadvertence may be sufficient reason to open a default judgment under Fed.R.Civ.P. 60(b). The record in this case suggests that at most, the Clements were neglectful. *See Farnese, supra* at 764.

Hence, a weighing of the pertinent factors militates in favor of the Clements. We wish to emphasize that we are especially concerned with reaching a possibly harsh result in light of the Clements' *pro se* status.