UNITED STATES of America, Plaintiff,

v.

ONE (1) 1980 49 FOOT DEFENDER YACHT LOBSTER VESSEL Known as Miss Niurka, etc., Defendant.

No. 82–374–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

May 17, 1983.

B.B. Allen, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Barry J. Clyman, Miami, Fla., for defendant.

SPELLMAN, District Judge.

THIS CAUSE came before the Court on claimant/owner's Verified Motion to Vacate and Set Aside the Default and Default Judgment based on a claim of excusable neglect and a meritorious defense to the Government's forfeiture in rem of a 1980, forty-nine foot (49') vessel known as "Miss Niurka". It is

ORDERED AND ADJUDGED that the Motion to Vacate and Set Aside Default and Default Judgment, filed on September 30, 1982, is DENIED.

Plaintiff commenced a forfeiture in rem action in this Court on February 24, 1982 against a vessel (hereinafter "Miss Niurka"). The complaint alleged that the "Miss Niurka" had been seized by Officers of the United States Customs Service on August 12, 1982 in Key Largo when it was "used and/or attempted to be used for the facilitation and/or transportation and/or bringing in of approximately 10,000 pounds of marijuana and 169 bottles of undeclared Colombian liquor into the commerce of the United States," in violation of various federal statutes. On March 1, 1982 a Warrant of Arrest in rem was issued and executed. A public notice of action and arrest appeared on April 23, 1982 and plaintiff filed proof of said publication on April 27, 1982.

Claimant/owner admits that she was duly served with process and a copy of the complaint. Claimant/owner did not file any responsive pleadings, such as a verified claim of ownership, or otherwise defend; and on June 21, 1982, pursuant to Rule 55(a), the Clerk of this Court entered a default. Plaintiff, on June 30, 1982, pursuant to Rule 55(b)(2), applied by motion to this Court for a default judgment, and the Court, on July 12, 1982 entered judgment accordingly.

Following the entry of the default judgment, the vessel was turned over to the Department of the Army for official use. Thereafter, on September 30, 1982, claimant/owner filed a verified motion to vacate and set aside default and default judgment on the grounds that because of excusable neglect her meritorious defense was never filed. That verified motion recites that claimant was unaware of the default proceedings and instead believed that her claim had been properly interposed and was under consideration by the Court. She has "sought the assistance of a friend (unidentified and now unavailable) and unbeknownst to her this assistance was never forthcoming and her claim was never interposed." The motion further states that the claimant/owner was without knowledge of or participation in the violation of a federal law which justified the seizure of the vessel.

Thereafter, on October 6, 1982, plaintiff filed an answer in opposition to claimant/owner's motion to set aside the judgment, in which, among other things, it expressly pointed out (1) that the vessel had been turned over to the United States Department of the Army where it was undergoing repair preliminary to its use by that agency in performing its assigned missions, (2) claimant/owner had not shown excusable neglect required by Rule 60(b) for vacating a judgment, (3) that claimant/owner had not shown that it has any meritorious "innocent owner" defense to the suit, and (4) the motion by claimant was untimely and would result in prejudice to the plaintiff.

Pursuant to the Court's Order of December 14, 1982, the Government submitted a supplemental status report on the vessel informing the Court that over $60,000.00 had been expended by the Army to rehabilitate and refurbish the vessel which had been appraised at $70,000.00. The Court was further advised that the mission and exact location of the vessel was classified information.

For purposes of a motion to vacate or set aside a default or default judgment, Rule 55(c) sets forth the standards for determining whether relief should be granted. The rule provides that in order to set aside an entry of default "good cause" must be shown. However, where a default judgment has been entered, Rule 55(c) refers to Rule 60(b) which provides, in pertinent part, that relief from a final judgment may be granted for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason justifying relief from the operation of the judgment. . . .

According to *Federal Practice and Procedure:*

> The different treatment of the default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraints of Rule 60(b) and entrusts the determination to the discretion of the Court. As a practical matter, however, the parallels between granting relief from a default entry and a default judgment motivate judges to utilize the list of grounds for relief provided in Rule 60(b) when considering a motion to set aside a default entry.

10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 2694 (2d ed. 1983). *See also* 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 55.-10[1]–[2] (1982).

Courts almost uniformly consider, in setting aside default entries and default judgments: (1) the timing of the motion for relief, (2) the presence of a meritorious defense, and (3) the degree of prejudice that may occur to the non-defaulting party if relief is granted. *See, e.g., Feliciano v. Reliant Tooling Co. Ltd.,* 691 F.2d 653 (3rd Cir.1982); *Quaker Valley School District v. Employers Mutual Liability Insurance Co.,* 96 F.R.D. 423 (W.D.Pa.1983); *Golden v. National Finance Adjusters,* 555 F.Supp. 42 (E.D.Mich.1982); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981).

In accordance with the text of the rule, and the advice of legal commentators, and in light of the above-cited case law, it is the judgment of this Court that to vacate and set aside the default and the default judgment would be inequitable. The Government asserts that in reliance of the entry of the default judgment entered by this Court on July 12, 1982, it relinquished the "Miss Niurka" to the custody of the Department of the Army. Some $60,000 was expended by this agency to renovate and refurbish the vessel, including approximately $11,000 for one completely new engine, for the Army's missions. This Court, therefore, finds that the Government legitimately relied on the default judgment and to set it aside now would work an undue hardship and result in substantial prejudice to the non-defaulting party.

This Court, thus, holds that the requisite showing of necessity has not been made so as to warrant the granting of the claimant/owner's motion to set aside and vacate a default and default judgment.