767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEO v. SAVAGE, PLAINTIFF-APPELLANT,
v.
FRANKLIN CO. WELFARE DEPARTMENT; WAYNE RUGH; OHIO DEPARTMENT
OF PUBLIC WELFARE, JOHN C. CUDDY, DEFENDANTS-APPELLEES.
 NO. 84-3321
 United States Court of Appeals, Sixth Circuit.
 6/13/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order dismissing this pro se civil rights action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this action under 42 U.S.C. Sec. 1983 against the Franklin County Welfare Department (FCWD), its director Wayne Rugh, the Ohio Department of Public Walfare (ODPW), and its director John C. Cuddy, alleging that his welfare benefits were terminated as a result of an unfair hearing. Plaintiff alleged that the hearing officer's consideration of an affidavit violated his Fourteenth Amendment due process rights and state administrative procedures because the affidavit was not introduced in evidence at the hearing. He sought recovery of his benefits from the date of termination and punitive damages of $1,000 for each day the benefits are withheld. The ODPW and Cuddy moved to dismiss the complaint on the grounds of Eleventh Amendment immunity, failure to state a claim, and abstention. On April 13, 1984, the district court granted the motion to dismiss on the grounds that the claim was barred by the Eleventh Amendment and that the federal court should in any event abstain from hearing the case because plaintiff had filed two cases in the state courts on the identical facts.
 
 
 3
 Plaintiff argues on appeal that he was entitled to a default judgment, that the district court improperly dismissed the case without a hearing and without affording him an opportunity to amend his complaint, and that the Eleventh Amendment does not bar his action. We affirm the district court's judgment in part, vacate in part and remand for further proceedings.
 
 
 4
 Plaintiff first argues that he was entitled to a default judgment. The district court clerk apparently signed an entry of default on January 11, 1984, on plaintiff's motion. The district court voided the entry of default and denied plaintiff's motion for default judgment on January 17, 1984. The district court can set aside an entry of default by the clerk 'for good cause shown.' Fed.R.Civ.P. 55(c). The decision to set aside the default entry was not an abuse of discretion. See Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1983); Golden v. National Finance Adjusters, 555 F.Supp. 42 (E.D. Mich. 1982).
 
 
 5
 Plaintiff's argument that he was entitled to a hearing and opportunity to amend his complaint based upon Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), is without merit. Tingler is inapplicable in this case.
 
 
 6
 Plaintiff also argues that his claim was not barred by the Eleventh Amendment to the United States Constitution. Whether a public agency or official is entitled to Eleventh Amendment protection depends upon whether it can be characterized as an arm or alter ego of the state. Hall v. Medical College of Ohio, 742 F.2d 299 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 796 (1985). The ODPW is a state defendant. Plaintiff's claim against the ODPW is solely for retroactive benefits and money damages and is therefore barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651 (1974); Lee v. Western Reserve Psychiatric Habilitation Center, 747 F.2d 1062 (6th Cir. 1984); Banas v. Dempsey, 742 F.2d 277 (6th Cir. 1984), cert. granted, ---- U.S. ----, 105 S.Ct. 1863 (1985). However, the district court dismissed the action as to all defendants on Eleventh Amendment grounds based upon the motion to dismiss filed by the ODPW and Cuddy. The FCWD is a county agency. See Ohio Rev. Code Secs. 329.01, 329.04, 329.06. The Eleventh Amendment does not prohibit suits against counties. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977); Hall v. Medical College of Ohio, supra; Lenoir v. Porters Creek Watershed District, 586 F.2d 1081 (6th Cir. 1978). The district court did not determine that the FCWD was an arm of the state in the present case. The FCWD and Rugh did not join in the ODPW's and Cuddy's motion to dismiss or otherwise demonstrate that they were within the protection of the Eleventh Amendment. There are no facts in the record from which this Court can determine whether the FCWD and Rugh are entitled to Eleventh Amendment protection. Additionally, it is unclear from the record whether Cuddy was sued in his official capacity or as an individual. See Brandon v. Holt, ---- U.S. ----, 105 S.Ct. 873 (1985); Scheuer v. Rhodes, 416 U.S. 232 (1974); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985). Therefore, the district court's opinion is vacated insofar as it finds that suit against the county defendants and Cuddy is barred by the Eleventh Amendment. On remand, the district court should make the factual findings necessary for resolution of these issues.
 
 
 7
 As an alternative ground for dismissal, the district court held that it would abstain from exercising its jurisdiction because two state court actions were pending on the same issues, citing Younger v. Harris, 401 U.S. 37 (1971), and Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). After the district court's decision in this case, this Court decided Crawley v. Hamilton County Commissioners, 744 F.2d 28 (6th Cir. 1984), in which we found the federal abstention doctrine established in Younger v. Harris, supra, inapplicable in a case similar to the present case. In Crawley, this Court also relied upon the factors set forth in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983), to determine whether a federal court should abstain from exercising its jurisdiction. In light of our recent decision in Crawley, the district court's decision on the abstention issue is vacated and the case remanded for reconsideration of that issue under Crawley.
 
 
 8
 Accordingly, it is ORDERED that the dismissal of the action against the ODPW on Eleventh Amendment grounds is affirmed. Sixth Circuit Rule 9(d)(3). The remainder of the April 13, 1984, order is vacated and the case remanded for further proceedings consistent with this order. Sixth Circuit Rule 9(d)(4). The district court may reconsider the case in light of Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, ---- U.S. ----, 105 S.Ct. 125 (1984), which holds that the plaintiff has the burden of pleading and proving that state remedies are insufficient to meet due process requirements.