**KURT F. KEENAN, Plaintiff**

v.

**DAVID ANTHONY SLEASMAN, Defendant**

Civil No. 1988-401

District Court of the Virgin Islands

Div. of St. Croix

July 13, 1990

MARK E. DAVIS, ESQ. (BRYANT, WHITE & ASSOCIATES, P.C.), St. Croix, V.I., *for plaintiff*

WILFREDO A. GEIGEL, ESQ. (LAW OFFICES OF WILFREDO GEIGEL), St. Croix, V.I., *for defendant*

BROTMAN, *Chief Judge*

### MEMORANDUM

Before the court is defendant's Motion for Reconsideration of the May 15, 1990 Order entered by the Magistrate, denying defendant's

previous Motion to Set Aside Default entered by the Clerk of the Court on February 8, 1989.

## I. FACTS AND PROCEDURE

Plaintiff filed his complaint in this personal injury action on December 22, 1988. On February 8, 1989, the Clerk of the Court entered default against defendant. On August 29, 1989 defendant Keenan filed with the court answers to interrogatories previously propounded on him on or about June 27, 1989. Although Keenan had apparently retained an attorney in New York, that attorney did not file a motion to appear pro hac vice or retain local counsel. Keenan did not file an Answer to the Complaint with the answers to the interrogatories, nor has he filed an Answer to date.

On September 6, 1989, plaintiff moved for default judgment against Keenan. By order entered September 26, 1989, this court denied the motion, because it was not clear that Keenan had received notice of the motion. On February 1, 1990, plaintiff filed another motion for default judgment, indicating that Keenan had been served with a copy of the motion at his then current address. By order entered May 8, 1990, the Magistrate granted default judgment against Keenan as to liability. On the same day the Magistrate entered default judgment against Keenan, El Fenix Company, the insurance carrier acting on behalf of Keenan, filed a Motion Requesting Default to be Set Aside and Permission to File Answer to Complaint. The defendant's May 8, 1990 motion made no reference to the default judgment, entered earlier that same day, but rather, only referred to the entry of default. Apparently, therefore, defendant's May 8, 1990 motion referred only to the default entered by the Clerk of the Court, and not the default judgment entered by the Magistrate. By order entered May 15, 1990, the Magistrate denied defendant's May 8, 1990 motion. On May 18, 1990 defendant filed his Motion for Reconsideration of the Magistrate's May 15, 1990 Order. It is this May 18, 1990 Motion for Reconsideration that is currently before this court. There is no indication that this matter was referred to the Magistrate by this court or that the parties consented to submit to the authority of the Magistrate. The court will treat the motion as an appeal from the Magistrate's Order.

## II. DISCUSSION

■ Although defendant has not raised the issue, the Magistrate did not have authority to enter default judgment against defendant.

218

See Parks By and Through Parks v. Collins, 761 F.2d 1101 (5th Cir. 1985). Cf. United States v. Flaherty, 668 F.2d 566 (1st Cir. 1981); (magistrates authorized to make determinations not constituting a final judgment). Thus, sua sponte, this court will vacate the entry of default judgment by the Magistrate. It remains to determine whether the entry of default should be set aside.

Defaults are not favored and any doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits. Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982); Quaker Valley School District v. Employers Mutual Liability Ins. Co., 96 F.R.D. 423, 424 (W.D. Pa. 1983). In deciding whether to set aside a default, the court is to consider the following factors:

1. Whether lifting the default would prejudice the plaintiff;

2. whether the defendant has a prima facie meritorious defense;

3. whether the defaulting defendant's conduct is excusable or culpable; and

4. the effectiveness of alternative sanctions.

Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

A. *Prejudice to Plaintiff*

Plaintiff has not claimed or demonstrated any prejudice if the default is lifted. Therefore, this factor weighs in favor of lifting the default.

B. *Meritorious Defense*

Defendant has not filed an Answer to the complaint. In the Motion Requesting Default to be Set Aside and Permission to File Answer to Complaint, defendant asked for a "reasonable time to investigate before filing [a] responsive pleading to the complaint." Said motion was filed with the court on May 8, 1990. To date, defendant still has not filed an Answer to the Complaint. In defendant's May 8, 1990 motion, defendant gives no indication of what the defense will be in this case. Thus, it is not clear whether defendant has a prima facie meritorious defense. Even accepting as true El Fenix's factual assertions concerning when it received notice of the Complaint, it still has not filed any Answer on behalf of Keenan, this more than sixty days after El Fenix claims it received notice of the entry of default. Thus, even after knowing of the Complaint and entry of default, the defendant has not filed an Answer within the time normally permitted.

219

## C. *Defendant's Conduct*

Defendant's insurer, El Fenix Company, claims that it only recently became aware of the claim against the defendant, and that as soon as notice of the claim was received, it transferred the matter to its local counsel. There is no indication as to how or when El Fenix received notice of the matter. The gist of El Fenix's claim is that notice of the claim was given to CNA Casualty Company, which is not the insurer in this case. While it is not altogether clear why notice was not sent to El Fenix, the court, resolving doubts in favor of the defendant, finds that the defendant's conduct was excusable here.

## D. *Alternative Sanctions*

Here, because El Fenix's conduct was not culpable, alternative sanctions are not necessary. This court does, however, find it remarkable that El Fenix still has not filed an Answer in this matter. Defendant's Answer shall be filed within ten (10) days of the date of this Memorandum and Order, failing which, default will be re-entered against defendant. No extension of time will be granted.

## CONCLUSION

For the foregoing reasons, the Default Judgment entered May 8, 1990 will be vacated. Additionally, the Magistrate's May 15, 1990 Order will be vacated and the Entry of Default, dated February 8, 1989 will be set aside. Defendant shall file his Answer within ten (10) days of the date of this Memorandum and Order. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the court on defendant's Motion for Reconsideration of the May 15, 1990 Order of the Magistrate denying defendant's previous motion to set aside a default entered by the Clerk of the Court on February 8, 1989; and

The court having treated the motion as an appeal from the Magistrate's Order; and

The court having considered the submissions and arguments of counsel; and

For the reasons set forth in this court's accompanying Memorandum;

IT IS ORDERED:

THAT the Order for Default Judgment entered May 8, 1990 is VACATED; and

220

THAT the May 15, 1990 Order of the Magistrate is VACATED; and

THAT the Entry of Default dated February 8, 1989 is SET ASIDE; and

THAT defendant shall file an Answer to plaintiff's Complaint within ten (10) days of the date of this order, failing which, default will be re-entered against defendant; and

THAT no extensions of time to file an Answer shall be permitted.