Additional briefing and argument are not indicated at this time.

## INFORMATION SYSTEMS AND NETWORKS CORPORATION, Plaintiff–Appellant,

v.

## The UNITED STATES, Defendant–Appellee.

No. 92–5153.

United States Court of Appeals, Federal Circuit.

May 25, 1993.

Michael W. Clancy, Atty., Law Office of Pettit & Martin, Washington, DC, argued for plaintiff-appellant. With him on the brief was David V. Anthony.

Sharon Y. Eubanks, Dept. of Justice, Washington, DC, argued for defendant-appellee. With her on the brief were Stuart M. Gerson, David M. Cohen and Agnes M. Brown.

Before LOURIE, RADER, and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Information Systems and Networks Corporation (ISN) appeals from the June 16, 1992 order of the United States Claims Court[1] denying its motion for relief from default judgment. *Information Sys. Networks Corp. v. United States,* 26 Cl.Ct. 314 (1992). Because we conclude that the Claims Court abused its discretion in denying ISN's motion, we reverse.

## BACKGROUND

In September, 1988 the United States Air Force and ISN entered into a contract under which ISN was required to, *inter alia,* convert certain Air Force computer operations from Honeywell equipment to IBM equipment. On May 21, 1991, the Contracting Officer (CO) issued a final decision terminating the contract for default and asserting a government claim for $385,211.32 in damages incurred by the Air Force as a result of

---

1. Pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516 (1992), the United States Claims Court was renamed the United States Court of Federal Claims effective October 29, 1992.

ISN's alleged failure to properly complete the required conversions. ISN subsequently filed a complaint with the Claims Court alleging that the government was in breach and that the termination for default was wrongful. ISN then filed a joinder motion pursuant to Rule 14 of the court (RUSCC 14) to join its subcontractors as parties in the action.

The government filed an answer to ISN's complaint on January 27, 1992 and an amended answer and counterclaim on January 31. The counterclaim was based on the CO's final decision and it reasserted the government's claim for damages. ISN did not file an answer to the counterclaim and on February 28, 1992, the Clerk entered default pursuant to RUSCC 55(a).[2] On March 20, 1992 the government moved for default judgment, which the Claims Court entered on March 31 for the amount of the counterclaim.

Following the entry of default judgment, ISN, which had been pursuing the case through house counsel, immediately hired outside counsel, who filed a motion for relief pursuant to RUSCC 55(c), which provides:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with RUSCC 60(b).

RUSCC 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect.*"

(Emphasis added). ISN supported its motion with an affidavit of house counsel stating that he mistakenly believed the joinder motion suspended the requirement to file an answer and that, following the entry of default, he met with government counsel during preparation of the joint preliminary status report and was under the impression that the government did not intend to move for default judgment. Accordingly, ISN argued that its failure to file an answer to the counterclaim was the result of excusable neglect.

The Claims Court denied ISN's motion. 26 Cl.Ct. 314. The court found both that the government would not be prejudiced if it granted ISN's motion and that ISN's complaint established a meritorious defense to the counterclaim, since ISN disputed its liability by alleging that the government breached the contract. *Id.* at 317. The court concluded, however, that ISN's failure to file an answer after receiving notice of the government's counterclaim constituted "culpable" conduct which was not the excusable neglect required by RUSCC 60(b)(1). *Id.* at 318.

The sole issue before us is whether the court properly denied ISN's motion for relief under RUSCC 60(b)(1). Since the government does not dispute the court's findings regarding the absence of prejudice and the presence of a meritorious defense, this appeal hinges on the definition of "culpable" conduct and its relationship to the criteria for excusable neglect.

## DISCUSSION

■ We review a trial court's denial of a motion for relief under Rule 60(b)[3] for abuse of discretion. *See Ashland Oil, Inc. v. Delta Oil Prods. Corp.,* 806 F.2d 1031, 1032, 1 USPQ2d 1073, 1074 (Fed.Cir.1986) (citing *Browder v. Director, Illinois Dept. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978)). While we have no considered binding case law precedent concerning criteria for interpretation of excusable neglect under Rule 60(b)(1),[4] we are

---

2. RUSCC 55(a) provides:
   When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter such party's default.
   Following the entry of default, judgment by default may be entered pursuant to RUSCC 55(b).

3. Rule 60(b) of the Claims Court is a virtual duplicate of Federal Rule of Civil Procedure 60(b).

4. *Williams v. Five Platters, Inc.,* 510 F.2d 963, 184 USPQ 744 (CCPA 1975), was a fact-specific case, failure to respond three times being a much more egregious situation than the present one.

not unmindful of the actions of our sister circuits that have thoroughly considered this issue.

■ Our review is guided by the well-established principles that a trial on the merits is favored over default judgment and that close cases should be resolved in favor of the party seeking to set aside default judgment. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir.1991); *Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873, 878–79 (7th Cir.1988); *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987); *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 678 (7th Cir.1987); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir.1984); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir.1983); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401–02 (5th Cir.1981); *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980).

■ When a court has denied a party's motion to be relieved from default judgment, "a 'glaring abuse' of discretion [has] not [been] required for reversal of a court's refusal to relieve a party of the harsh sanction of default," *United Coin*, 705 F.2d at 846 (quoting *Keegal v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373–74 (D.C.Cir. 1980)), and "even a slight abuse [of discretion] may justify reversal." *Seven Elves*, 635 F.2d at 402. It has been stated that Rule 60(b) "is applied most liberally to judgments in default." *Id.* at 403.

■ Other circuits that have considered the issue of excusable neglect for purposes of Rule 60(b)(1) have held that a court should consider three factors: (1) whether the non-defaulting party will be prejudiced; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct of the defaulting party led to the default. *Zawadski*, 822 F.2d at 419; *Jackson*, 636 F.2d at 835; *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir.1990); *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam). The Claims Court utilized these factors and we adopt them as well.

The court stated that the three factors are "disjunctive" such that a finding that any one of the factors is unfavorable to the defaulting party requires denial of the motion for relief. 26 Cl.Ct. at 316 (citing *Cassidy*, 856 F.2d at 1415). The court found that the first two factors favored ISN, and the government does not dispute those findings. The court further found that ISN's failure to file an answer to the government's counterclaim was "culpable" conduct. Regarding the standard of culpability, the court stated that "[a] party's conduct is culpable if that party has received 'actual or constructive notice of the filing of the action and failed to answer the complaint.' " *Id.* at 317 (quoting *In re Hammer*, 940 F.2d at 526). The court stated that "[e]ven allowing for [ISN's] confusion in responding to the counterclaim, there was sufficient time between the date [ISN] received notice of the default and both the filing of the motion for entry of default and the entry of the default judgment for [ISN] to respond in some fashion." *Id.* at 318.

ISN argues that the Claims Court's approach to evaluating its RUSCC 60(b)(1) motion was incorrect. It argues that application of the three factors in the disjunctive was unsound and that, in light of its meritorious defense and the lack of prejudice to the government, the court abused its discretion in refusing to set aside the default judgment for excusable neglect.

■ We agree. First, the court incorrectly relied on *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), for the proposition that subsection (1) of Rule 60(b) requires a showing of "extraordinary circumstances." 26 Cl.Ct. at 316. The court's reliance on *Ackermann* was misplaced because that case did not apply the "extraordinary circumstances" criterion to excusable neglect under subsection (1), but to subsection (6), the residual clause of Rule 60(b) authorizing relief from a judgment for "any other reason justifying relief from the operation of the judgment." While subsection (6) requires a showing of "extraordinary circumstances," *Ackermann*, 340 U.S. at 202, 71 S.Ct. at 213–14, subsections (1) and (6) of Rule 60(b) "are mutually exclusive," *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*

*Partnership,* — U.S. —, —, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993), and the required showing of extraordinary circumstances under subsection (6) does not apply to excusable neglect under subsection (1).

■ Furthermore, the court erred in applying the three factors disjunctively. The majority of circuits balance the three factors in determining whether to grant relief for excusable neglect under Rule 60(b)(1). *See Zawadski,* 822 F.2d at 419; *Jackson,* 636 F.2d at 835; *Seven Elves,* 635 F.2d at 402; *Berthelsen,* 907 F.2d at 620; *Meehan,* 652 F.2d at 277. In *Pioneer,* which dealt with "excusable neglect" under Bankruptcy Rule 9006(b)(1), the Supreme Court adopted a balancing approach, "taking account of all relevant circumstances surrounding the party's omission." — U.S. at —, 113 S.Ct. at 1498. The Ninth Circuit is alone in its treatment of the three factors as disjunctive. *In re Hammer,* 940 F.2d at 526; *Cassidy,* 856 F.2d at 1415. We adopt the balancing approach since it best enables a court to weigh the facts and use its discretion to determine whether a party is deserving of the harsh sanction of default judgment.

■ We also reject the trial court's standard of culpability. The majority of circuits focus on the willfulness of the defaulting party and consider whether that party intended to violate court rules and procedures. *See Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir.1983); *Invst Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 399 (6th Cir.), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); *Passarella,* 810 F.2d at 678; *Jackson,* 636 F.2d at 836. Only the Ninth Circuit holds that a party's conduct is culpable if it merely has notice of the claim against it and fails to file an answer. *In re Hammer,* 940 F.2d at 526; *Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir.), *cert. denied,* 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989).

We favor the majority approach. Under the Ninth Circuit's test, a party may never be relieved from a default judgment once it has notice of a claim against it and fails to answer. We find that result inconsistent with Rule 60(b)(1), which authorizes relief from a judgment when the failure to file an answer is the result of excusable neglect. Indeed, the Supreme Court recently considered the meaning of "excusable neglect" under Rule 60(b)(1) in the context of construing the same language in Bankruptcy Rule 9006(b)(1), which permits late filings in cases of "excusable neglect." *Pioneer,* — U.S. at —, 113 S.Ct. at 1489. The Court stated that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at —, 113 S.Ct. at 1497. If negligence can come within the definition of excusable neglect, mere failure to answer after receiving notice of a counterclaim can also. Thus, one should inquire whether the defaulting party willfully declined to follow a court's rules and procedures.

■ We conclude that the trial court abused its discretion in determining that ISN's failure to file an answer constituted culpable conduct. Under the standard of culpability we have adopted, the undisputed facts do not establish a willful disregard for the court's rules and procedures, merely negligence. The government repeatedly states that the facts show "a willful pattern of disregard for the Claims Court's rules." However, the only facts that the government points to are ISN's failure to file an answer after receiving notice of its counterclaim and ISN's failure to move to vacate the entry of default prior to the entry of default judgment. The government emphasizes only the number of days that elapsed between the time the government filed its counterclaim and the time the clerk entered default judgment.

These facts do not show a willful disregard for the court's rules and procedures. ISN's house counsel stated that he believed he was not required to file an answer to the government's counterclaim, and ISN has diligently pursued the action in every other regard. "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin,* 705 F.2d at 845. This case is not an "extreme" one deserving of the "drastic step" of default judgment.

Another factor negating any idea of willfulness is that ISN's failure to file an answer to

the counterclaim has little, if any, substantive significance. As the Claims Court found, ISN's complaint was essentially a defense to the government's counterclaim since it disputed ISN's liability and alleged that the government, not ISN, had breached the contract. The government is required to assert its damage claim against a contractor in a final decision by a CO and that final decision is a prerequisite to the Claims Court's jurisdiction. 41 U.S.C. §§ 605(a), 609(a) (1988). The government did so here. By appealing the final decision to the Claims Court, ISN placed the issue of its liability for the damages asserted in the counterclaim before the Claims Court, and the government's counterclaim, which merely reasserted those damages, added nothing substantive to its claim against ISN.

The government argues that default judgment is an important sanction which deters parties from ignoring the requirement to file an answer to a counterclaim. We agree. However, RUSCC 60(b) permits relief from that judgment in cases of excusable neglect. The cases that the government relies on are inapposite since they do not relate to the entry of default judgment for failure to file an answer, but to the entry of default judgment as a sanction pursuant to Fed.R.Civ.P. 37 for willful refusal to comply with a discovery order. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.,* 757 F.2d 1256, 225 USPQ 350 (Fed.Cir.1985); *Adkins v. United States,* 816 F.2d 1580 (Fed.Cir.1987). Willfulness has not been shown here.

"[T]he entry of default judgment for marginal failure to comply with the time requirements imposed by the [Federal] Rules ... must be distinguished from dismissals or other sanctions imposed by the district courts for willful violation of court rules and orders, contumacious conduct or intentional delay." *Gross,* 700 F.2d at 124. While the purpose of Rule 37 is "to allow the courts to punish a full and wilful [sic] noncompliance with the federal rules on discovery, and to deter such conduct in the future," *Minnesota Mining & Manufacturing,* 757 F.2d at 1260, 225 USPQ

at 353 (citing *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781), entry of default judgment in this case was the result of ISN's mistaken assumption that it was not required to file an answer to the government's counterclaim. That is not willful conduct which merits default judgment as punishment.

Since we conclude that, lacking any element of willfulness, ISN has not been shown to be culpable, and no challenge has been made to the court's findings in favor of ISN on the other two factors relating to excusable neglect, it is clear that remand is not necessary in this case.

CONCLUSION

In view of the lack of prejudice to the government and the presence of a meritorious defense, as well as ISN's lack of culpability, we conclude that the Claims Court abused its discretion in refusing to relieve ISN from default judgment for excusable neglect under RUSCC 60(b)(1).

COSTS

No costs.

*REVERSED.*