**WESTEC COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–395C.**

United States Court of Federal Claims.

Jan. 19, 1995.

Louis N. Haas, San Francisco, CA, for plaintiff.

Martin F. Hockey, Jr., Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, Director David M. Cohen and Asst. Director Sharon Y. Eubanks, for defendant. Major Robert Blevins, Dept. of Air Force, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge.

This case is before the court on plaintiff's motion for relief of entry of default. For the reasons that follow plaintiff's motion is allowed.

## FACTS

In 1991 plaintiff, Westec Company (Westec), entered into a contract with the United States for the improvement of on base housing at the McClellan Air Force Base in California. Westec began work under the contract on or about September 9, 1991. Difficulties arose, however, and by letter dated April 5, 1994, the contracting officer issued a final decision advising Westec that it had been overpaid on the contract. The decision demanded payment of $706,133.81. Subsequently, on April 12, 1994, the contracting officer terminated the contract for default.

On June 16, 1994, Westec filed a complaint in this court seeking to have the termination for default converted to a termination for convenience of the government. Westec also asked the court to find that the April 5, 1994 final decision was improper, and that Westec was entitled to retain all progress payments paid to date.

By answer filed October 14, 1994, defendant sought judgment on its counterclaim in the amount of $706,133.81. Westec failed to file an answer to defendant's counterclaim and, on November 30, 1994, the clerk of the court entered default against Westec pursuant to RCFC 55(a).

Westec then filed the instant motion, pursuant to RCFC 55(c) and 60(b)(1), for relief of entry of default. As grounds for relief, Westec alleged that counsel's law office inadvertently failed to properly calendar the response date. Westec contended that relief was proper because defendant would not be prejudiced if Westec was granted relief, Westec had a meritorious defense to the counterclaim, and the default was not caused by Westec's culpable conduct.

## DISCUSSION

■ Under RCFC 55(c) "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." RCFC 55(c). Rule 60(b)(1) gives the court the discretion to "relieve a party or his legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ..." RCFC 60(b)(1).

Rules 55 and 60 should be liberally interpreted in favor of judgment on the merits. *Information Sys. and Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed.Cir.1993); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969).

■ In the instant case, Westec seeks relief from an entry of default, not a judgment of default. Therefore, although the standards applicable to a motion pursuant to rule 60(b)(1) are relevant to the court's determination of good cause, Westec has a lower burden in establishing good cause for relief from entry of default than in a case where relief is sought from a default judgment. *See INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980); *Phillips v. Weiner*, 103 F.R.D. 177, 179, 181 (D.Me. 1984).

■ In determining whether to set aside an entry of default pursuant to rule 55(c) the court should consider whether (1) the default was willful, (2) the non-movant would be prejudiced if the default were set aside, and (3) the movant has raised a meritorious defense. *Jackson*, 636 F.2d at 836; *Golden v. National Fin. Adjusters*, 555 F.Supp. 42, 44 (E.D.Mich.1982); *see also Phillips*, 103 F.R.D. at 179. *Cf. Information Sys.*, 994 F.2d at 795. To grant relief pursuant to Rule 55(c) it is not necessary that each element of the test be satisfied. *Cf. Information Sys.*, 994 F.2d at 796. Rather, the court should use a balancing approach to decide whether to allow relief. *Id.*

■ Westec has alleged that its failure to file an answer to defendant's counterclaim was caused by law office neglect in properly calendaring the response date. Accepting this reason as true for the purposes of this motion, the court finds that the default was not willful under RCFC 55. *See Jackson*, 636 F.2d at 836–37; *see also Information Sys.*, 994 F.2d at 796.

■ Further, defendant does not allege, nor does the court find, that defendant will be prejudiced if the default is set aside. In

addition, the court notes that on or. about November 20, 1994, Westec asked the government for an extension of time to file its answer to defendant's counterclaim. The government has conceded that it did not oppose such an extension. Finally, the question of whether there is prejudice turns on the possibility that evidence will be lost or there will be other obstacles to obtaining discovery. *INVST Fin. Group,* 815 F.2d at 398–99. Discovery has not yet begun in this case and defendant will have ample time to conduct discovery on its counterclaim. Therefore, the court concludes that defendant will not be prejudiced if the court grants Westec's motion.

■ The court also concludes that Westec's defense to defendant's counterclaim is meritorious. To present a meritorious defense Westec need not necessarily succeed on the merits. *INVST Fin. Group,* 815 F.2d at 398. Rather, the court will look to see if Westec's claims, if established at trial, would be a complete defense to defendant's counterclaim. *Id.* In its complaint Westec alleged that the government made material changes to the contractual undertaking and breached its duty to properly fund the project. Defendant's counterclaim stated that it overpaid progress payments. If Westec establishes its claims at trial it will not be liable to defendant to repay progress payments. Therefore, the court finds that Westec's defense is sufficiently "meritorious" to support relief pursuant to Rule 55(c).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to set aside entry of default is *ALLOWED.*

**IT IS SO ORDERED.**