ON MOTION
BRYSON, Circuit Judge.
ORDER
The United States moves to dismiss John P. Batiste, Jr.’s appeal as untimely. Batiste has not responded.
Batiste sued the United States in the Court of Federal Claims regarding a military pay matter. On December 11, 2001, the Court of Federal Claims dismissed the action as beyond the applicable six-year statute of limitations, 28 U.S.C. § 2501. On February 7, 2002, 58 days after entry of judgment, Batiste filed a document in the Court of Federal Claims titled “Memorandum in Opposition to Defendant’s Motion to Dismiss, and the Order be Rescinded.” The motion attempted to submit new evidence and argument regarding Batiste’s claim. The motion requested that the United States’ motion to dismiss be quashed and that judgment be entered in Batiste’s favor. Because the motion was not received within 10 days of the entry of the judgment, the motion could not be treated as a motion to amend the judgment under RCFC 59. Thus, the Court of Federal Claims treated the motion as a motion for relief from the judgment pursuant to RCFC 60(b). The Court of Federal Claims denied the motion on February 8, 2002.
On March 8, 2002, Batiste filed a document titled “Notice of Appeal in Opposition to Defendant’s Motion to Dismiss and the Order Be Rescinded.” The notice of appeal was filed 86 days after entry of judgment. A notice of appeal from a judgment of the Court of Federal Claims is due within 60 days of entry of judgment. See Fed. R.App. P. (4)(a)(1) and 28 U.S.C. § 2107(b). This statutory requirement may not be waived. Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for *587 lack of jurisdiction if notice of appeal is untimely).
Although a motion for relief from the judgment under Rule 60 or a post-judgment motion under other certain rules may toll the time to appeal from the judgment, the motion will toll the time to appeal only if the motion is filed within 10 days of entry of the judgment. See Fed. R.App. P. 4(a)(4). Batiste’s motion was filed 58 days after entry of the judgment and thus did not toll the time to appeal from the judgment.
In his document titled “Notice of Appeal,” Batiste states that “I intended for Memorandum in Opposition to the Defendant’s Motion to Dismiss, and the Order be rescinded, issues on December 11, 2001, to be NAME AS NOTICES OF APPEAL.” However, that earlier document, treated as a RCFC 60(b) motion, did not indicate any intent to appeal. Instead, it was clearly a motion seeking reconsideration by the trial court. Thus, it cannot serve as a notice of appeal, even under the relaxed standards of Fed. R.App. P. 3(c)(4) (“[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.”).
Finally, the United States asserts that the notice of appeal would be timely only if Batiste is seeking review solely of the trial court’s denial of his 60(b) motion, because the notice of appeal was filed within 60 days of the Court of Federal Claims’ order denying his 60(b) motion. See Browder v. Director, Illinois Dept. of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Assuming that Batiste is seeking review of the denial of the 60(b) motion, we apply an “abuse of discretion” standard to review such a ruling. Information Systems and Network Corp. v. United States, 994 F.2d 792, 794 (Fed.Cir.1993). Here, there was no abuse of discretion in the trial court’s denial of Batiste’s attempt to introduce new evidence* that the trial court held was, in any event, not contradictory to evidence submitted by the United States and considered by the trial court before entry of judgment. Thus, to the extent that Batiste is challenging the denial of his 60(b) motion, we summarily affirm that determination. Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994) (“summary disposition is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.”).
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to dismiss is granted. To the extent that Batiste is challenging the denial of his 60(b) motion, that determination is summarily affirmed.
(2) Each side shall bear its own costs.

 The "new” evidence included pay stubs from 1989.