**ORIENT OVERSEAS CONTAINER LINE (UK) LTD., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 98–761 C.**

United States Court of Federal Claims.

July 9, 2002.

Brien E. Kehoe, Washington, DC, for plaintiff.

Allison A. Page, with whom were Robert D. McCallum, Jr., Assistant Attorney Gener-

al, David M. Cohen, Director, Todd M. Hughes, Assistant Director, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Judge.

### I. Background

On January 30, 2002, plaintiff, pursuant to United States Court of Federal Claims Rule (RCFC) 60(b) [1], moved for relief of judgment by virtue of mistake. Plaintiff's Motion for Relief of Judgment by Virtue of Mistake (Pl.'s Mot. for Relief) at 1. Plaintiff argues that some expenses were mistakenly reduced in calculating its judgment award. *Id.* This motion stems from a December 5, 2000 decision granting plaintiff's motion for summary judgment with respect to defendant's liability for detention and deportation costs. *Orient Overseas Container Line (UK) v. United States,* 48 Fed.Cl. 284, 290 (2000).

The underlying facts of this dispute are fully set out in the original opinion, and only the facts necessary to this opinion will be recited here. On February 1, 1993, plaintiff entered into an agreement with Sea–Land whereby Sea–Land agreed to ship plaintiff's containers between various ports in Europe and the United States. *Id.* at 286. Between February 11, 1994 and June 22, 1994, numerous stowaways were discovered in plaintiff's containers on Sea–Land's vessels. *Id.* In accordance with then current Immigration and Naturalization Service (INS) policy, Sea–Land incurred $494,610 in costs associated with the stowaways and sought reimbursement of those costs from plaintiff. *Id.* Pursuant to the terms of their container shipping agreement, plaintiff and Sea–Land entered into arbitration. The arbitrator held plaintiff responsible for Sea–Land's costs associated with the stowaways. *Id.* Following the arbitration proceedings, the Court of Appeals for the Federal Circuit ruled, in a separate case, that the INS policy of holding carriers responsible for detention costs of stowaways was illegal. *Id.* (citing *Aerolineas Argentinas v. United States,* 77 F.3d 1564 (Fed.Cir. 1996)). As a result, after plaintiff paid Sea–

Land the arbitration award, it brought suit in this court seeking reimbursement of its payment. *Id.*

Plaintiff's original complaint had sought reimbursement with respect to 42 stowaways. *Orient,* 48 Fed.Cl. at 286 n. 1. While its suit was pending, plaintiff moved to amend its complaint to strike any reference to four extra stowaways. Plaintiff's Motion to Amend its Complaint (Pl.'s Mot. to Am. Compl.) at 1. This court found plaintiff entitled to recover its costs associated with the detention and deportation of 38 stowaways, as claimed in plaintiff's amended complaint. *Orient,* 48 Fed.Cl. at 290. The court concluded its opinion by ordering the parties either to file a stipulation agreeing to the correct amount of the claimed detention and deportation costs or to propose future proceedings to determine the correct amount. *Id.*

On January 29, 2001, the parties filed their Stipulation of Costs Allowed (Stip.). Paragraph 3 addresses the allocation of costs with respect to the four extra stowaways who were stricken from the original complaint:

> In order to adjust Sea–Land's claimed expenses to reflect the removal of those four individuals from the lawsuit, the parties propose that the Court subtract from the total costs allowed an amount equal to the average cost per day per stowaway for every day included in the total costs submitted for each stowaway.

*Id.* at 3. The parties concluded that the costs associated with the four extra stowaways was $55,411.20. *Id.* They then stipulated that the amount awarded to plaintiff should be reduced by that amount "to reflect the erroneous inclusion of costs associated with four individuals for which the Government is not liable." *Id.* The court awarded plaintiff the damages agreed to in the stipulation. Order Directing Entry of Judgment dated January 30, 2001.

Plaintiff now argues that the damages awarded to it were mistakenly reduced by $55,411.20. Pl.'s Mot. for Relief at 2.

---

1. The court's changes to its rules effective May 1, 2002 did not materially affect RCFC 60(b).

## II. Discussion

■ To determine whether the movant under RCFC 60(b)(1)[2] has made out a prima facie case of "mistake, inadvertence, surprise, or excusable neglect" entitling the movant to relief from the judgment complained of, the court considers three factors: (1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct. RCFC 60(b)(1); *Stelco Holding Co. v. United States*, 44 Fed.Cl. 703, 708–09 (1999); *Information Sys. and Networks Corp. v. U.S.*, 994 F.2d 792, 795 (Fed.Cir.1993). No single factor is dispositive. Rather, the court must apply a balancing approach that weighs each factor in light of all the pertinent facts and circumstances. *Information Systems*, 994 F.2d at 795–96. In the case of a motion under RCFC 60(b)(1), the motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." RCFC 60(b).

### A. Existence of a Meritorious Claim

■ The RCFC 60(b)(1) inquiry into whether the movant has stated a meritorious claim is intended to make certain that "vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp., Co.*, 953 F.2d 17, 20 (1st Cir.1992). This test does not require a finding that plaintiff's success on the merits is a virtual certainty. Rather, plaintiff's claim shall be deemed meritorious if it merely states "a legally tenable cause of action." *Stelco*, 44 Fed.Cl. at 709.

Plaintiff's argument for mistake is based on its August 25, 2000 motion to amend its complaint to strike any reference to four extra stowaways. Pl.'s Mot. for Relief at 2. In its motion to amend its complaint, plaintiff stated, "There are no costs or expenses rela-

tive to this proceeding attributable [to] the named individuals, and the Government agrees the paragraph should be stricken." Pl.'s Mot. to Am. Compl. at 1. However, the Stipulation of Costs Allowed considered the costs relative to these four individuals, and ordered the subtraction of these costs (the amount of $55,411.20). Stip. ¶ 3.

Plaintiff argues that the costs attributable to these four stowaways were not at issue during arbitration, and that the mistake was made as a result of the audit conducted by the Defense Contract Audit Agency (DCAA). Pl.'s Mot. for Relief at 2. In support of its motion, plaintiff submits the affidavit of plaintiff's claim manager. Submission of Plaintiff's Affidavit (Pl.'s Aff.) ¶ 1. The affidavit states that "[n]o specific costs appear in the DCAA report against the four stowaways ... nor has [plaintiff] received any invoices relating to detention costs for these four stowaways to support the Government view that such costs were included in the claimed sum." *Id.* ¶ 10. Plaintiff provides no other information concerning how this alleged mistake occurred and, in particular, no explanation of how, why, or when the alleged mistake was discovered.

Defendant argues that plaintiff's claim is without merit because the DCAA audit indicated that it included in its verification of plaintiff's costs amounts related to the four individuals subsequently removed from the lawsuit. Defendant's Opposition to Plaintiff's Motion for Relief from Judgment (Def.'s Opp.) at 5. However, if the facts as plaintiff alleges are true, it does appear possible that plaintiff could prove at trial that the amount of the stowaways was erroneously subtracted from the amount awarded to it. Therefore, plaintiff states a tenable cause of action as required by the first factor justifying allowance of its motion.

### B. Prejudice to Defendant

Defendant argues that it will be prejudiced because granting plaintiff's motion disturbs

---

**2.** While plaintiff did not specifically refer to subparagraph (1) in its motion, it captioned its motion "Plaintiff's Motion for Relief of Judgment by Virtue of Mistake." RCFC 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment ... for the following reasons: (1) *mistake*, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1) (emphasis added).

the finality of the judgment. Def.'s Opp. at 5. While the court is unaware of a Federal Circuit decision that evaluates the force to be given to this argument, a recent Federal Claims decision offers some guidance. *See Stelco*, 44 Fed.Cl. at 714. In *Stelco*, the court stated that defendant's interest in the finality of the judgment could not "be meaningfully weighed in the abstract, for the same may be said about any prevailing litigant." *Id.* The court agrees that this argument, without more, does not have great force.

Defendant also argues that will be is prejudiced because plaintiff "waited until just one day shy of one year before filing its motion without providing any explanation for the delay." Def.'s Opp. at 5–6. RCFC 60(b) specifies. "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." RCFC 60(b). Defendant concedes that plaintiff was within the one-year time period, but bases its argument instead on the meaning of "reasonable." Def.'s Opp. at 6. Defendant argues that plaintiff's filing was unreasonable because plaintiff was in possession of the DCAA audit—the basis of the alleged mistake—since January of 2000 at the latest.[3] *Id.*

The text of RCFC 60(b) supports defendant's argument that a "reasonable" time does not always encompass one year. RCFC 60(b) states that a motion "shall be made within a reasonable time, *and ... not more than one year after the judgment.*" RCFC 60(b) (emphasis added). The location of the comma puts the emphasis on the phrase "within a reasonable time," and makes "not more than one year" the subsidiary phrase. This construction emphasizes that the motion must be made "within a reasonable time." The subsidiary phrase makes clear that "one year" is the outer limit of reasonableness. *See White v. American Airlines*, 915 F.2d 1414, 1425 (10th Cir.1990) ("A motion is not timely merely because it has been filed within one year of the judgment."); 12 James

Wm. Moore et al., *Moore's Federal Practice* § 60.65 (3d ed. 1998) ("The one-year maximum time limit is *in addition to* not in lieu of the requirement that the motion be made within a 'reasonable' time."). Further, if one year were always reasonable, the rule's main clause would be surplusage, violating a basic canon of statutory construction that a statute is to be interpreted to give effect to all of its parts. *See* 2A Norman J. Singer, *Statutes and Statutory Construction* § 47.17 (6th ed.2000).

The parties have not argued and the court has not found precedent within this jurisdiction for interpreting what is a "reasonable" time for the purposes of a RCFC 60(b)(1) motion. However, other jurisdictions have addressed this question when deciding motions under Rule 60(b) of the Federal Rules of Civil Procedure, a rule similar to RCFC 60(b).[4] There is some agreement among the Courts of Appeal that there is a connection between reasonableness and a movant's rationale for deciding when to file. The Court of Appeals for the Tenth Circuit affirmed the dismissal of a Rule 60(b) motion by a movant who filed its motion 360 days after the judgment was entered because the movant did not sufficiently justify the filing delay. *White*, 915 F.2d at 1425. The Court of Appeals for the Second Circuit reversed a District Court's finding that a movant was unreasonable in waiting more than ten months to file a Rule 60(b)(3) claim. *In re Lawrence*, 2002 WL 1041034, No. 00–5069, *consolidated with*, 00–5070, 01–7579 (May 22, 2002). The *Lawrence* court noted that the movant provided an explanation for the delay: it believed that it was governed by the one-year from discovery statute of limitations. *Id.* Here, plaintiff has provided no reason for its delay in seeking relief and, therefore, the court has no basis to determine the reasonableness of the delay.

## C. Plaintiff's Culpability

The Federal Circuit held that the standard of culpability focuses on the willfulness of the

---

3. Plaintiff received the audit October 19, 1999, months before it filed its motion to amend. Pl.'s Aff. ¶ 9.

4. *See* Rule 60(b): "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b).

defaulting party and whether that party intended to violate court rules and procedures. *Information Systems,* 994 F.2d at 796. For purposes of determining culpability, plaintiff is held accountable for the acts and omissions of its legal counsel. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The court in *Information Systems* found the following facts not to be culpable: the party's failure to file an answer after receiving notice of its counterclaim and the party's failure to vacate the entry of default prior to entry of default judgment. 994 F.2d at 796–97. The court noted that the party provided an explanation for not answering the counterclaim (that it did not believe that it was required to file an answer), and noted the party's diligence in other matters. *Id.* Further, *Information Systems* involved the entry of default judgment which is normally a step only used in "extreme cases." *Id.*

There is no single definition of "culpable conduct" for the purposes of RCFC 60(b). The court in *Stelco* articulated several instances of action that is excusable. 44 Fed. Cl. at 716. First, a party's conduct is excusable when the actions arose solely to intervening circumstances beyond the party's reasonable control. *Id.* (citing *Pioneer,* 507 U.S. at 388, 113 S.Ct. 1489). Second, mere negligence may be conduct that is also excusable. *Id.* (citing *Pioneer,* 507 U.S. at 394, 113 S.Ct. 1489). The *Stelco* court found that the movant's failure to produce the relevant document concerning its claim was not merely a result of its negligence, but rather knowing and willful disregard of the court's rules and procedures. 44 Fed.Cl. at 716.

The Court of Appeals for the Fourth Circuit also emphasized the importance of an explanation of why the movant originally made the mistake. *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896–97 (4th Cir.1987). *Park* concerned a movant who failed to respond to plaintiff's complaint and thus received a default judgment. *Id.* at 895. The Fourth Circuit affirmed the district court's denial of the movant's Rule 60(b) motion because the movant "failed to offer an acceptable excuse, or any excuse at all, for its failure to respond to Park's complaint." *Id.*

at 896–97. The cases teach that a Rule 60(b) movant should explain why the mistake was originally made. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2858 (2d ed. 1995) ("Instead the party must make some showing of why he was justified in failing to avoid mistake....").

Here, the court does not know what caused the alleged mistake to remain unnoticed until after the court entered judgment. Plaintiff does not allege that the mistake arose from intervening circumstances beyond its control. Nor does plaintiff allege negligence. Rather, plaintiff rests on the statement that, "based on the understanding that there would be no reduction in the costs so stated, the plaintiff's counsel filed a motion to amend the complaint [to strike four stowaways]." Pl.'s Mot. for Relief at 2. However, defendant points out that the amount awarded was based upon the Stipulation of Costs Allowed, a document executed by counsel for both parties. Def.'s Opp. at 7. Plaintiff does not explain its failure to raise the issues concerning its amended complaint when it agreed to the stipulation. Plaintiff's affidavit avers, "Plaintiff did not authorize their Counsel to agree [to] a formula to reduce the claim nor was authority given by OOCL or its insurers to conclude the case at USD 439,198.80. Counsel has confirmed that an error was made in agreeing to the reduction." Pl.'s Aff. ¶ 11. However, plaintiff also does not explain the reasons its counsel agreed to such a stipulation, and plaintiff is responsible for the acts of its counsel. *See Pioneer,* 507 U.S. at 396–97, 113 S.Ct. 1489.

While it remains unclear why plaintiff agreed to such a stipulation, there is no evidence that its reasons derived from circumstances beyond its control or were the result of mere neglect. *See Stelco,* 44 Fed. Cl. at 716. Rather, it appears that plaintiff purposefully entered into an agreement that it no longer favors. Prior to negotiating the stipulation, plaintiff knew that it filed a motion to amend its complaint. Pl.'s Mot. for Relief at 2. As defendant asserts, "Whatever the mistake, plaintiff had ample opportunity to correct its mistake in understanding before it agreed to the language in the Stipula-

tion, filed five months later." Def.'s Opp. at 7. Therefore, plaintiff knowingly entered into the stipulation, and any mistake concerning the stipulation was the plaintiff's duty to discover. As a result, this factor also favors the defendant.

Having analyzed each of the factors, the court must now weigh them to determine whether to grant relief for mistake under RCFC 60(b). *Information Systems*, 994 F.2d at 796. However, not all factors are equal. The first factor—whether the movant asserts a meritorious claim, as the court finds plaintiff has done here—is a threshold inquiry. *See Stelco*, 44 Fed.Cl. at 723–24 (citing *Local 59*, 953 F.2d at 20). It is a threshold inquiry because if the movant does not state a meritorious cause of action, court action is futile; and if the movant does state a meritorious cause of action, that determination is only that the movant has a legally tenable claim and does not decide the merits of the claim. *Id.* at 724. The remaining two factors both weigh against granting plaintiff's motion. First, granting plaintiff's motion would prejudice the defendant because the motion was not filed within a reasonable time. Second, granting plaintiff's motion ignores that it was plaintiff's own conduct in agreeing to the Stipulation of Costs Allowed that led to its current position. Plaintiff has provided no justification concerning either its time of filing its motion or why the alleged mistake occurred.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Relief of Judgment by Virtue of Mistake is DENIED.

IT IS SO ORDERED.