PER CURIAM.
Richard and Sophia Becker (the Beckers) appeal the decision of the United States Court of Federal Claims, ruling that the matter at issue is res judicata, and declining to reopen the case. Becker *997 v. United States, No. 98-471C (Fed.Cl. March 26, 2002). We affirm.
BACKGROUND
The Beckers’ claim arises from events that occurred at the time that Mr. Becker was mobilized to participate in the Gulf War. During his military service a series of unfortunate events took place, causing financial hardship to the Beckers and to Mr. Becker’s mother. These events include eviction from a house Mr. Becker jointly owned with his prior wife, deprivation of his mother’s reimbursement of $25,000 she had loaned toward the purchase of that house, unfavorable disposition of assets during a divorce proceeding, incorrect payment of spousal benefits to his former wife instead of the current wife during his military service, and deprivation of reimbursement of costs and medical expenses for a trip by Mr. Becker’s current wife (appellant Sofia Becker) to the Philippines in 1991.
The Beckers filed a complaint associated with these events with the Court of Federal Claims, seeking a restraining order, investigation, criminal action against certain unspecified officials and persons, court-appointed counsel, and $1 trillion in damages. Their claims were dismissed for failure to establish a jurisdictional basis on which the Court of Federal Claims could hear their dispute. Becker v. United States, No. 96-145C (Fed.Cl. Mar. 13, 1996), aff'd 98 F.3d 1359, 1996 WL 592153 (Fed.Cir. 1996) (Table).
In December 1996 the Beckers filed a second complaint relating to these same events. Determining that the subject matter was not within the Court of Federal Claims’ jurisdictional authority, the court asked for and received an amended complaint. After detailed consideration of the Beckers’ requests for relief and the underlying issues, that action was dismissed for failure to state a claim on which the court could grant relief. The court stated that while the court might arguably have jurisdiction over appellant Sophia Becker’s claim for medical benefits, she was not eligible for coverage at the time she incurred medical expenses in the Philippines. Becker v. United States, No. 96-766C (Fed.Cl. Aug. 7, 1997), affd 155 F.3d 567, 1998 WL 258324 (Fed.Cir.1998) (Table).
The Beckers filed another complaint in June 1998, seeking $27 million in damages based on allegations of government wrongdoing surrounding the same events. The Beckers raised no issues that had not been before the court in the earlier cases, and the court dismissed this third action under the doctrine of res judicata, explaining the reasons why each issue was outside of the court’s jurisdiction. Becker v. United States, No. 98-471C (Fed. Cl. June 4, 1998). The Court of Federal Claims also directed its Clerk to obtain review by the designated pro se judge before accepting any further complaints from the Beckers. The Federal Circuit affirmed the judgment, without commenting on the requirement that further communication from the Beckers be screened by a judge. Becker v. United States, 178 F.3d 1310, 1998 WL 911681 (Fed.Cir.1998) (Table).
The Beckers moved on March 6, 2002 to reopen the case and for relief from the 1998 judgment, the motion referring to a February 2, 2002 letter that asked for information on the status of a prior “motion [which] was never ruled on.” In an undated letter Mr. Becker states “my former [motion] seems to have been lost in the mails of last year.” With their motion of March 6, 2002, the Beckers submitted a *998 letter dated August 19, 1998, from the Department of Defense Manpower Data Center stating that Sophia Becker was eligible for medical benefits in 1991, and directing TRICARE (which handles military medical benefits) to reprocess and allow her medical claims. The Court of Federal Claims denied the motion to reopen as untimely and based on evidence that although not previously considered, was not shown to be relevant to the Beckers’ earlier claims.
The Beckers appeal the denial of their motion to reopen. They state that because the Department of Defense allowed spousal medical benefits for Sophia in 1998, she should receive reimbursement of travel and living expenses during Mr. Becker’s service, and damages for the emotional distress caused by the earlier denial of her medical benefits and other claims.
The Beckers also complain that a judicial “gag order” violated their constitutional rights to due process by delaying timely entry of their motion to reopen. The Beckers submit a letter from the clerk’s office for the Court of Federal Claims and another from the clerk’s office for the Court of Appeals for the Federal Circuit, dated in August and September of 2001, stating that they would not respond to any additional filings relating to these cases. From these letters, the Beckers allege that they were denied access to the courts. The Beckers state that the screening of their correspondence interfered with their ability to bring new evidence to the court’s attention. The Beckers also argue that the support for their motion to reopen was “rendered timely to the court within a year” and that discovery would allow them to prove this.
DISCUSSION
We review denial of a motion for relief from judgment for abuse of discretion, Information Systems and Networks Corp. v. United States, 994 F.2d 792, 794 (Fed.Cir. 1993), with due consideration to the procedural latitude appropriate to pro se parties, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652, (1972).
The Court of Federal Claims denied the Beckers’ motion to reopen their case because it was submitted over a year after entry of judgment in 1998, pointing out that the Beckers had received in 1998 the letter that they now put forth as new evidence, and also because the letter was not relevant to the issues previously raised.
We agree with the Court of Federal Claims that the letter upon which the Beckers rely does not provide a jurisdictional basis for an action in that court. Money claims against the United States must be grounded in a contract, a money-mandating statute, regulation, or executive order, or the constitution. See 28 U.S.C. § 1491; United States v. Mitchell, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). While the 1998 letter from the Department of Defense states that appellant Sophia Becker is eligible for medical benefits under TRICARE, this letter, even if timely submitted, does not establish a basis for the relief requested and denied in the 1998 decision. The Court of Federal Claims correctly held that no sufficient basis for reopening that case has been shown.
The Court of Federal Claims was within its authority in ordering review by a judge before accepting repetitious filings such as here experienced. See Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). At that time the Beckers had brought three actions that were substantially the same, each request *999 ing damages on claims and theories outside of the jurisdiction of the Court of Federal Claims. When the Beckers submitted purported new evidence of wrongdoing, the Court of Federal Claims accepted the petition and reviewed the matter. No due process rights were violated by this procedure.
No costs.