ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Jeffrey C. Stone Inc., d.b.a. Summit Builders | )   ASBCA No. 58372 |
| | ) |
| Under Contract No. W912PL-10-C-0034 | ) |

APPEARANCES FOR THE APPELLANT:     John R. Jefferies, Esq.
                                   Justin R. DePaul, Esq.
                                     Fennemore Craig, P.C.
                                     Phoenix, AZ

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
                                     Engineer Chief Trial Attorney
                                   Gilbert H. Chong, Esq.
                                     Engineer Trial Attorney
                                     U.S. Army Engineer District,
                                     Los Angeles

## OPINION BY ADMINISTRATIVE JUDGE SCOTT
## ON APPELLANT'S MOTION TO STRIKE ANSWER AND COUNTERCLAIM

The much delayed hearing in this appeal is set to commence on 19 October 2015. Appellant has moved pursuant to Board Rule 16 for the Board's imposition of sanctions against the government for its failure to respond to appellant's discovery requests and Board orders. In particular, appellant requests that the Board strike the government's answer to the complaint; preclude the government from introducing any evidence of an alleged setoff due it or of any other alleged liability of appellant to the government related to this appeal; and enter a default judgment against the government.

In its belated opposition to appellant's motion, the government avers that it has now, belatedly, served its responses to appellant's discovery requests. The government also refers to its 8 December 2014 response to the Board's 24 November 2014 order to show cause why sanctions should not be imposed against it for various delinquencies in connection with the potential government setoff claim and other matters. That response indicated that the government had earlier advised that it was unlikely that the contracting officer would issue a decision asserting the setoff allegation and that the government would not be pursuing this element of its defense. The government also asserts that appellant has not demonstrated prejudice because it has not shown that its discovery requests were related to the issues in controversy in this appeal and that entry of a default judgment in appellant's favor would be overly broad, unreasonable, relief. For the most

part, the government has not directly addressed appellant's allegation that it has failed to respond to Board orders.

DISCUSSION

Board Rule 16, Sanctions,[1] provides that:

> If any party fails to obey an order issued by the Board, the Board may impose such sanctions as it considers necessary to the just and expeditious conduct of the appeal.

Board Rule 17, Dismissal or Default for Failure to Prosecute or Defend, provides that:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may...[i]n the case of a default by the Government...issue an order to show cause why the Board should not act thereon pursuant to Rule 16. If good cause is not shown, the Board may take appropriate action.

The government has repeatedly failed to comply with Board orders in this appeal and to advance it toward resolution (*see, e.g.,* Board's 24 November 2014 order to show cause; Board's 15 July 2015 memorandum of conference call). Moreover, the government's position on the setoff issue has been ambiguous. For example, in a 30 October 2014 joint teleconference, government counsel stated that the government was not pursuing offset on a gear claim but would be pursuing others. The Board interprets the government's opposition to appellant's motion to strike to represent that it will not be pursuing any setoff claim against appellant in connection with this appeal. Therefore, that portion of appellant's motion appears to be moot.

A default judgment "'is a drastic step which should be resorted to only in the most extreme cases.'" *Information Systems & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed. Cir. 1993) (quoting *United Coin Meter Co. v. Seaboard Coastline Railroad,*

---

[1] The Board's Rules were revised effective 21 July 2014. Board Rule 16 was formerly Board Rule 35 and Board Rule 17 was formerly Board Rule 31.

705 F.2d 839, 845 (6th Cir. 1983)). We have stressed that:

> The sanction of the entry of a default judgment in favor of appellant is the severest sanction the Board can issue against the government. Such a sanction should be reserved for situations in which contumacious or contemptuous conduct is shown.... The Board has considerable discretion in evaluating a motion for sanctions.

*Thorpe Seeop Corp.*, ASBCA No. 58961, 14-1 BCA ¶ 35,541 at 174,167 (citations omitted).

So far in this appeal, while the government's delinquencies have frustrated appellant and the Board and impeded the expeditious resolution of the appeal, the government ultimately has responded to the Board's orders. We do not deem its conduct to be contumacious or contemptuous to the extent that a default judgment is warranted.

## DECISION

We deny appellant's motion to strike the government's answer. We deem it conceded by the government that no set-off is due the government in connection with this appeal. Appellant's motion for a default judgment is denied.

Dated: 17 September 2015

CHERYL L. SCOTT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58372, Appeal of Jeffrey C. Stone Inc., d.b.a. Summit Builders, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
