# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| NEANO S. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-426 |
| v. | ) | (Filed: November 17, 2025) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff Neano Mitchell, a prisoner in the Richard J. Donovan Correctional Facility proceeding pro se, has filed a Motion for Reconsideration of the Court's September 4, 2025 Order dismissing his claim, or, in the alternative, a Motion for Relief from Judgment. Pl.'s Mot. for Recons., Docket No. 20. For the reasons set forth below, Mr. Michell's Motion for Reconsideration is granted.

On July 21, 2025, the Court ordered Mr. Mitchell to file an application to proceed in forma pauperis ("IFP") that was compliant with statutory requirements by August 18, 2025. Order, Docket No. 13. The previous IFP applications Mr. Mitchell had filed were defective because they did not include an account statement covering the six months immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915. See id.

Mr. Mitchell filed a new IFP application on August 26, 2025, see Docket No. 16, but it did not cure the defect of his prior applications and thus did not comply with the Court's July 21 Order. For that reason, and in accordance with that Order, the Court dismissed Mr. Mitchell's claim on September 4, 2025, for failure to prosecute pursuant to RCFC 41(b). Order of Dismissal, Docket No. 17; see also Cerf v. United States, 621 Fed. App'x 651, 652–53 (Fed. Cir. 2015) (per curiam).

In the Motion currently before the Court, Mr. Mitchell asserts that although he attempted to comply with the Court's Order, prison officials had "refus[ed] to provide [him a six-month account statement] without reason." Pl.'s Mot. for Recons. at 1. And by the time Mr. Mitchell was able to procure account statements covering a six-month period—albeit not the six-month period immediately preceding the filing of his complaint—the Court had already dismissed Mr. Mitchell's claim. Id. at 3; see also Docket No. 19.[1] For those reasons, Mr. Mitchell requests that

---

[1] The Court originally rejected this submission because the case was already dismissed when it was filed. See Docket No. 19.

the Court view his failure to comply with the Court's July 21 Order as "excusable neglect" and grant relief from judgment pursuant to RCFC 60(b)(1). Pl.'s Mot. for Recons. at 4.

For purposes of RCFC 60(b)(1), "excusable neglect" may encompass "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Amgen Inc. v. Hoechst Marion Roussel, Inc., 25 Fed. App'x 923 (Fed. Cir. 2001) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)). Failure to meet a filing deadline can be a product of "excusable neglect." Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir. 1993). Here, Mr. Mitchell claims he was unable to file a corrected IFP application by the Court's August 18, 2025 deadline because of intervening circumstances beyond his control—namely, the failure of prison officials to timely accommodate his request for a six-month account statement. Pl.'s Mot. for Recons. at 1–2.

In considering a motion for relief from judgment under RCFC 60(b)(1) for reasons of "excusable neglect," a court should balance three factors: "(1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." Orient Overseas Container Line (UK) Ltd. v. United States, 52 Fed. Cl. 805, 807 (2002) (citing Info. Sys. & Networks Corp., 994 F.2d at 795). These factors favor granting Mr. Mitchell's request.

First, a plaintiff's claim "shall be deemed meritorious" for purpose of ruling on a claim of excusable neglect, "if it merely states 'a legally tenable cause of action.'" Id. (quoting Stelco Holding Co. v. United States, 44 Fed. Cl. 703, 709 (2002)). Mr. Mitchell's underlying claim— that he did not receive a refund despite the fact that he filed for a Recovery Rebate Credit in April 2022, which the IRS approved in a Notice of Refund—meets this standard. Second, the nonmoving party here—the government—will not be prejudiced by the granting of relief. Orient, 52 Fed. Cl. at 807–08. Finally, Mr. Mitchell's conduct is not "culpable" because he did not "willful[ly] . . . inten[d] to violate court rules and procedures." Id. at 808 (citing Info. Sys., 994 F.2d at 796). To the contrary, the Court finds credible Mr. Mitchell's assertions that he attempted in good faith to comply with the Court's order but was unable to do so because, for whatever reason, prison officials did not accommodate his request for the account statements. Pl.'s Mot. for Recons. at 1–2. Therefore, Mr. Mitchell's failure to meet the Court's deadline appears to be excusable, and the Court will grant Mr. Mitchell's Motion.

## CONCLUSION

For the foregoing reasons, Mr. Mitchell's Motion for Reconsideration, Docket No. 20, is **GRANTED**. The September 16, 2025 Order rejecting Mr. Mitchell's submission containing an updated IFP application is **VACATED**. That application is accepted for filing, and the motion to proceed in forma pauperis is **GRANTED**.

The September 4, 2025 Order of Dismissal is **VACATED**. The Clerk is directed to reinstate Mr. Mitchell's complaint. The government shall file an answer to Mr. Mitchell's Complaint within 60 days of this order, or **January 16, 2026**.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge